896 F.2d 1366
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luther Robert BROWN; Rose M. Brown, Plaintiffs-Appellants,
v.
W. Raymond MINNIX, Judge, Juvenile and Domestic Relations
District Court; Mary L. Bane, RSW Assistant Director and
Bedford County Department of Social Services; Ann R. Shupe,
Protective Service Worker and Bedford County Department of
Social Services; William W. Berry, IV, Attorney and Bedford
County Department of Social Services; Juvenile & Domestic
Relations Court of the Twenty-Fourth Judicial District;
Bedford County Department of Social Services, Defendants-Appellees.
 No. 89-2727.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 24, 1989.
Decided: Feb. 13, 1990.
 
 Luther Robert Brown, Rose M. Brown, appellants pro se.
 Mary Sue Terry, Guy Winston Horsley, Jr., Office of the Attorney General of Virginia; William Sampson Kerr, for appellees.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luther R. Brown, Jr. and his wife, Rose M. Brown, commenced this action pursuant to 42 U.S.C. Sec. 1983 because of state court actions taken against them in 1987 in Roanoke's Juvenile and Domestic Relations Court. Although the facts are unclear, the court proceedings resulted from child abuse and neglect charges lodged against the Browns by social service workers. There were several hearings held before Judge W. Raymond Minnix. Named as defendants in the instant action were Judge Minnix; the Bedford County Department of Social Service and two of its employees, Mary Bane and Anne Shupe; William W. Berry IV, an attorney; and the Juvenile and Domestic Relations Court. The Browns sought damages and declaratory and injunctive relief.
 
 
 2
 The district court granted defendants' motions for summary judgment because the Browns did not timely respond to the motions. We affirm on different grounds. Under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), recovery against Judge Minnix is barred. The case presents no compelling reason to deviate from the general rule that, absent certain statutory exceptions, federal courts will not review challenges to state court proceedings, even if those proceedings were allegedly unconstitutional. See id. at 476-78. Moreover, the state court judge is absolutely immune from damages liability for the judicial acts complained of in this case. See Stump v. Sparkman, 435 U.S. 349, 354-57 (1978).
 
 
 3
 The remaining defendants are entitled to qualified immunity from liability for monetary damages. See Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). The equitable relief sought against those defendants, such as expungement of official records dealing with the state child abuse and neglect case, relates to state court proceedings. Under Feldman, the matter is not properly before this Court.
 
 
 4
 The district court's entry of summary judgment against the Browns was appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317-322-26 (1985). We accordingly affirm the district court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.